UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward A. MUELLER, Defendant–
Appellant.

No. 00–10012.

D.C. No. CR–98–00249–1–MJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 2000.[1]

Decided Jan. 4, 2001.

Before KLEINFELD, HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM [2]

We dismiss this appeal because Mueller waived his right to appeal as part of a valid plea agreement.

An express waiver of appeal is valid if the guilty plea is knowingly and voluntarily made.[3] This court looks "to circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily."[4]

The circumstances surrounding the signing and entry of Mueller's plea agreement demonstrate that it was knowingly and voluntarily made. Mueller, a 34–year–old college graduate, signed the written agreement, signed a separate agree-

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

3. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996).

4. United States v. Buchanan, 59 F.3d 914, 917 (9th Cir.1995).

ment stating that he read and understood the plea agreement, and stated during the Rule 11 colloquy that he understood the agreement.[5] Moreover, his attorney both signed an affirmation stating that his client reviewed and understood the agreement, and represented to the court at the Rule 11 hearing that Mueller understood the plea.

Mueller's argument that he got nothing in exchange for his extensive promises defies the facts. Mueller extracted a valuable promise from the government. The government agreed to "not file any other charges against [Mueller] for acts it learned about during the investigation." This is not insignificant. This foreclosed the government from prosecuting Mueller for tax charges under 26 U.S.C. §§ 7201 and 7203 relating to his six years of delinquent tax returns. And this foreclosed the government from prosecuting Mueller for money laundering pursuant to 18 U.S.C. § 1956—a charge which caries a maximum twenty year penalty as opposed to the 10 year maximum under § 1957.

Mueller essentially asks that his waiver be set aside because he did not get a good deal. But Mueller has no right to a generous plea agreement. Mueller did not get a favorable plea agreement because he did not have a good case. Mueller made an informed tactical decision. We will not disturb that decision merely because in hindsight Mueller is disappointed in his sentence.

*DISMISSED.*

---

5. *Cf. Baramdyka,* 95 F.3d at 844.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.